REGAN, Judge.
The plaintiffs[1] filed this suit against the defendants, Lakeside Country Club and Harrison Schouest, safety director of the Parish of Jefferson, endeavoring to obtain a declaratory judgment decreeing that the zoning regulations of the Parish prohibit Lakeside Country Club from using certain property which is located in the vicinity of property owned by the plaintiffs as a country club and to preclude the issuance by the safety director of a building permit or certificate of use and occupancy in connection therewith.
The defendants answered and denied all of the pertinent allegations contained in the plaintiffs’ petition.
The litigants herein entered into a joint stipulation of facts and predicated thereon, the lower court rendered a declaratory judgment in favor of the defendants.
From that judgment, six of the original ten plaintiffs have prosecuted this appeal.
The record discloses that Lakeside Country Club is a nontrading corporation, and authorized to issue 300 shares of stock at a par value of $400.00 per share. According to its charter, its primary purpose is to acquire land and to install and operate a swimming pool, tennis courts and clubhouse as a private country club for the use of its members and guests. The members thereof must own one share of the stock in the corporation and also must own property within an area bounded by Pontchartrain Boulevard in the City of New Orleans, Causeway Boulevard in the Parish of Jefferson, Veterans Memorial Highway, and Lake Pontchartrain. It is not necessary, however, that a member reside in the area, as long as he owns property therein.
The property sought to be used by Lakeside for its country club operation, is in Lakeside Drive Subdivision, and measures approximately 322 feet by 165 feet. It abuts the Lake Pontchartrain levee, and the only access to it is by virtue of Rose Garden Drive, which ends at the property site.
The controversy centers about Ordinance No. 3813 of the Jefferson Parish Council, more popularly referred to as the Comprehensive Zoning Ordinance of the Parish of Jefferson.
The plaintiffs contend that the defendant is a “club” which is encompassed by Section 111(18) of the ordinance, and that the operation thereof is not permitted within an R-l Residential district. On the contrary, they maintain that the operation of a club is only permitted under the ordinance in an R-3, Residential district which encompasses multiple unit dwellings.
On the other hand, the defendants insist that Lakeside Country Club is not a club within the contemplation or meaning of Section 111(18) of the Zoning Ordinance in that Lakeside’s activities fall within and are encompassed by the permitted uses provided in Section VII (2) (H) of the Zoning Ordinance.
Consequently, the only question posed for this court’s consideration is one of law, and that is whether the erection and operation of a country club with its attendant facilities would be in violation of Section VII of the Comprehensive Zoning Ordinance of the Parish of Jefferson.
Relative to the foregoing question, the record discloses that the facilities planned for the country club include offstreet parking, a swimming pool, tennis courts, locker rooms, and a building for social activities.
The plaintiffs argue that such an establishment is a club, prohibited except in R-3 Residential districts.
We are of the opinion that the plaintiffs’ contention is clearly and concisely answered *404 by a simple analysis of Section VII of the Zoning Ordinance, which reads as follows:
“SECTION VII — SINGLE FAMILY RESIDENTIAL DISTRICT R-l
1. DESCRIPTION — This district is composed of certain lands and structures having a low density, single family residential character and additional open area where it is desirable and likely that such similar development will occur. Uses are limited to single family residences and such nonresidential uses as are intended primarily to provide service to the adjacent neighborhood.
2. DISTRICT USES — In R-l Districts only the following uses of property shall be permitted:
* ‡ ‡ ‡ sfi
E. Libraries and museums, community centers, and buildings used exclusively by the Federal, State or local government for public purposes except correctional institutions or mental hospitals.
F. Parks and Playgrounds.
******
H. Private recreational uses such as tennis courts, swimming pools, golf courses, operated exclusively for private use and not for commercial purposes.” (Emphasis added.)
To reiterate, even a cursory examination of the ordinance discloses that private recreational uses such as tennis courts, swimming pools, and golf courses operated exclusively for private use and not commercially are permitted in conformity therewith.
The plaintiffs also argue that Sub-section (H) contemplates that tennis courts, swimming pools, and golf courses will be located on the property of private individuals, and they are not intended to be used in a community venture such as a country club. Again, a simple reading of this sub-section belies this argument. Of course, we are fully cognizant that many individuals do erect tennis courts and swimming pools on their property for their exclusive use; however, it does tax our crudulity to believe that the redactors of Sub-section (H) ever contemplated authorizing the construction of' a golf course on the property of individuals for their own use thereof. Since this would be both unusual and improbable, no useful purpose would be served by any further discussion thereof. Moreover, the connotation of the word “operated” is indicative of the fact that the Parish council fully intended to authorize the 'establishment of country clubs or other such recreational facilities under this sub-section. We are convinced, to reiterate, that while an individual may erect a tennis court or a swimming pool on his property for his individual use, he does not “operate” them in the sense in which the word is used in the ordinance, which, in our opinion, suggests organizational or group operation of these facilities.
The rule is now well settled that when a'Statute is susceptible of two interpretations, that interpretation which affords a reasonable and practical effect to the entire statute is to be preferred over one which renders a part thereof ridiculous or absurd.
In view of the fact that Sub-section (2) (H) of Section VII of the Zoning Ordinance clearly provides for the use of property in the area zoned R-l Residential for the private operation for recreational uses of tennis courts, swimming pools, and golf courses, we must, of necessity, conclude that the erection and operation of such facilities by the Lakeside Country Club is not in violation of Section VII of the Zoning Ordinance.
In response to the plaintiffs’ final argument that the use of the words “country club” clearly discloses that the operation is a club, authorized to be erected only in an R-3 area, suffice it to say that in our *405 opinion the only connection between the defendant’s activities and the ostensible prohibition of “clubs” in the ordinance is a semantic coincidence which is not at all determinative of the issues raised herein in view of the actual nature of the planned operations of Lakeside Country Club.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiffs are to pay all costs incurred' herein.
Affirmed.

. The plaintiffs in this matter are James E. Howlett, Howard P. Gadden, George A. Stilley, Joe Heyden, Charles P. Patton, August P. Moreei, W. Lester Beard, Patrick S. Ponseti, Charles J. Samson, and Alfred J. Muller, Jr.