203 So.2d 869 (1967)
SHADY GROVE, INC.
v.
The PARISH OF JEFFERSON, Thomas Donelon, Parish President, Charles J. Eagan, Chairman of the Jefferson Parish Council, Harrison Schouest, Jr., Safety Director for the Parish of Jefferson.
No. 2751.
Court of Appeal of Louisiana, Fourth Circuit.
November 6, 1967.
Bernhardt C. Heebe, Metairie, for Shady Grove, Inc., plaintiff and appellant.
Bruce D. Burglass, Asst. Parish Atty., for Parish of Jefferson, et al., defendants-appellees.
Before YARRUT, SAMUEL and CHASEZ, JJ.
CHASEZ, Judge.
The plaintiff, Shady Grove, Inc., initiated this suit as an injunction proceeding against the defendants, Parish of Jefferson, Thomas Donelon, Parish President; Charles J. Eagan, Chairman of the Parish Council and Harrison Schouest, Jr., Safety Director, in order to restrain them from interfering with plaintiff's use of certain property as tennis courts. The defendants filed a reconventional demand in order to restrain Shady Grove, Inc., from using the tennis courts constructed on the property as being in violation of the Jefferson Parish Zoning Regulations. After a trial on the merits, a permanent injunction issued enjoining and restraining the plaintiff and defendant in reconvention, Shady Grove, Inc., and all of *870 its agents, employees and assigns from constructing, maintaining and using tennis courts on lots 236-A and 240-A, Metairie Heights Subdivision in the Parish of Jefferson.
The pertinent facts, stipulated for trial, are as follows:
Shady Grove, Inc., is the owner of two lots, 236-A and 240-A, in Metairie Heights Subdivision which is zoned R-1 Single Family Residential under the Comprehensive Zoning Ordinance of Jefferson Parish. The rear of these two lots adjoin another tract of land on which "Gatehouse Apartments", also owned by Shady Grove, Inc., is located. This tract is zoned R-3 Multiple Family Residential. On the two lots located in the R-1 Single Family Residential District, Shady Grove, Inc., has constructed tennis courts for the exclusive and private use of the occupants of "Gatehouse Apartments".
On December 29, 1966, the Jefferson Parish Council adopted Resolution No. 10448 to require Shady Grove, Inc., to discontinue their use of the tennis courts and to dismantle them. On January 20, 1967, this suit was filed against the Parish of Jefferson and its officers.
The issue before this court is whether the location of the tennis courts is a violation of the Jefferson Parish zoning regulations. More specifically, can the owners of an apartment complex situated on property zoned as Mutiple Family Residential District R-3 construct and operate tennis courts for their tenants on adjacent property zoned as Single Family Residential District R-1?
The definition of the permitted uses within R-1, Single Family Residential zone, is found in Section VII of Ordinance No. 3813 of Jefferson Parish Council, commonly known as the Jefferson Parish Comprehensive Zoning Ordinance. Subsection one describes the general uses permitted in this zone:
"1. DESCRIPTION * * *
"Uses are limited to single family residences and such nonresidential uses as are intended primiarily to provide service to the adjacent neighborhood."
Subsection (2) (H) is specific permission for private recreational uses:
"2. * * *
"H. Private recreational uses such as tennis courts, swimming pools, golf courses, operated exclusively for private use and not for commercial purposes."
Plaintiff contends that the above quoted sub-section is the controlling authority in this controversy. He proposes that the use of the tennis courts does not violate the provisions of that sub-section in that they are for the exclusive, private use of the tenants of "Gatehouse Apartments". No fee nor other direct compensation is to be paid for the individual use of the courts. Thus, plaintiff argues that the construction of the tennis courts is for private recreational use and not for prohibited commercial purposes.
It is impossible to conceive of the operation of these tennis courts as anything other than for commercial purposes. There is no question that the construction and maintenance of the "Gatehouse Apartments" is a commercial venture. Similarly the parking area, household services and recreational facilities provided by the management should be included as part of the operation of this apartment complex. The prospective tenant is interested not only in the quality of the living quarters, but also the additional facilities that will be available for his use and enjoyment. The management, aware of the increasing availability of new apartment housing and the competition for new tenants, is concerned with meeting the demand for additional services and facilities. Thus, whether the additional facilities are built and maintained to attract new tenants or encourage present tenants to remain, they can be considered only as part *871 of the commercial operation of the large apartment complex. The combination of apartment buildings and additional facilities must be viewed as one physical unit whose purpose is no other than commercial.
The fact that no direct compensation is derived from the individual use of the tennis courts does not alter the purpose of their construction. Neither should the operation of the facility for the exclusive use of the tenants convert them into a private recreational facility, as permitted by the ordinance. We cannot escape the conclusion that the construction of this facility is an attraction to living in "Gatehouse Apartments" and therefore contributes to the commercial operation of an apartment complex. There is no basis to the argument that these tennis courts are to be operated for private recreational use as contemplated by Section VII (2) (H).
Plaintiff has cited language in Howlett v. Lakeside Country Club, La.App., 198 So.2d 402 as favorable to this case, but we do not think it is applicable to the present controversy. Howlett v. Lakeside Country Club involved an interpretation of the Jefferson Parish Comprehensive Zoning Ordinance in which this court held that a privately owned country club and golf course whose membership is available to property owners in the surrounding area is not a violation of Section VII. This case is distinguishable from the present controversy primarily because Lakeside Country Club was not operated for commercial purposes. Also the Lakeside Country Club differs in that it may be permitted as a community center providing service to the adjacent neighborhood. See Section VII (2) (E). The tennis courts, as proposed by "Gatehouse Apartments", do not qualify either as a non-commercial use nor as a community center and, therefore, their construction and use is in violation of Section VII.
Section IX (2) (P) does give owners the right to establish customary incidental uses and access on buildings in the Multiple Family Residential District R-3; there is no comparable provision under Section VII for Zone R-1. This is an indication that the construction of accessary buildings and recreational facilities adjacent to apartment complexes was contemplated, but only so long as they are located within the R-3 Zone. In concluding that the apartment building and tennis courts must be considered as one physical unit, we cannot permit the operation of these tennis courts on adjacent R-1 property as this would extend the limits of the R-3 Zone. The R-1 property would effectively be rezoned as R-3 because its intended use is allowed only under Section IX. We cannot allow this result to be obtained; the use of the tennis courts as proposed by plaintiff is in violation of the Comprehensive Zoning Ordinance of Jefferson Parish.
For the foregoing reasons, the judgment of the lower court is affirmed. The Plaintiff is to pay all costs incurred herein.
Affirmed.